UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
RONALD A. SCHWARTZ,

               Plaintiff,               ECF CASE

            -against-                COMPLAINT

ATLANTIC MUTUAL INSURANCE COMPANY,    06 Civ. 13571 (GBD) (FM)
BOARD OF TRUSTEES OF ATLANTIC MUTUAL
INSURANCE COMPANY, ATLANTIC MUTUAL
RETIREMENT PLAN and EMPLOYEE BENEFITS
COMMITTEE OF THE ATLANTIC MUTUAL
RETIREMENT PLAN,

               Defendants.
------------------------------------------------------------------x

## I.    PRELIMINARY STATEMENT

1.    This is an action by plaintiff, Ronald A. Schwartz, seeking to recover the social security supplement due to him under the terms of his pension plan which is an employee benefit plan governed by the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. § 1001 *et seq*.

## II.    JURISDICTION AND VENUE

2.    This action is brought by Plaintiff pursuant to ERISA § 502(a)(1)(B), (3), 29 U.S.C. §§ 1132(a)(1)(B), (3). This Court has subject matter jurisdiction pursuant to ERISA § 502(e)(1), 29 U.S.C. § 1132(e)(1). This Court has supplemental jurisdiction over any other claim pursuant to 28 U.S.C. § 1367(a).

3.    Declaratory and injunctive relief are authorized by 28 U.S.C. §§ 2201 and 2202 and Rules 58 and 65 of the Federal Rules of Civil Procedure.

4.    Venue is based on ERISA § 502(e)(2), 29 U.S.C. § 1132(e)(2).

5. Plaintiff Ronald A. Schwartz ("Plaintiff") is a natural person who resides in New York.

6. Defendant Atlantic Mutual Retirement Plan (the "Plan") is, and at all times relevant hereto was, an employee benefit plan within the meaning of ERISA § 3(3), 29 U.S.C. § 1002(3), an employee pension benefit plan within the meaning of ERISA § 3(2), 29 U.S.C. § 1002(2), and a defined benefit plan within the meaning of ERISA § 3(35), 29 U.S.C. § 1002(35).

7. Defendant Atlantic Mutual Insurance Company ("Atlantic Mutual") is an insurance company with a principal place of business at 100 Wall Street, New York, NY. Atlantic Mutual is the plan sponsor of the Plan within the meaning of ERISA § 3(16)(B), 29 U.S.C. § 1002(16)(B).

8. Defendant Board of Trustees of Atlantic Mutual Insurance Company (the "Board") is the entity authorized by the Plan, *inter alia*, to amend the Plan.

8. Defendant Employee Benefits Committee of the Atlantic Mutual Retirement Plan (the "Committee") is the Administrator of the Plan within the meaning of ERISA § 3(16)(A)(i), 29 U.S.C. § 1002(16)(A)(i), and, as such, is a fiduciary within the meaning of ERISA § 3(21)(A), 29 U.S.C. § 1002(21)(A).

### IV. FACTS

9. Plaintiff is a former employee of Atlantic Mutual. During the time of his employment with Atlantic Mutual and at all times subsequent thereto, Plaintiff has been a participant in the Plan within the meaning of ERISA § 3(7), 29 U.S.C. § 1002(7).

10. Prior to January 2004, Plan § 3A.11(e) provided, in pertinent part, that:

> a . . . Participant who has at least 5 Years of Vesting Service as of June 30, 1997, and whose Severance From Service Date occurs after he has attained age 55 with at least 10 Years of Vesting Service but prior to his attainment of age 62, shall receive a monthly benefit, commencing as of the first day of the month following his Separation from Service Date and ending as of the first day of the month preceding the month in which the Participant attains age 62, that equals the estimated primary Social Security retirement benefit that would be payable to the Participant commencing at age 62 . . . .

(the "Social Security Supplement").

11. Plan § 3A11(e) was modified by adoption of an amendment to the Plan by the Board on October 15, 2003. The effect of the amendment was to limit eligibility for the Social Security Supplement to employees who met the eligibility requirements by December 31, 2003 (*i.e.* employees who were hired prior to July 1, 1992 and would be between the ages of 55 and 62 on December 31, 2003.

12. By electronic mail dated February 5, 2004, Plaintiff was informed that his employment with Atlantic Mutual was being terminated effective February 13, 2004.

13. Plan § 3.1(b) defines "Severance from Service Date," in pertinent part, as "the date the Employee quits, retires, is discharged or dies." As such, Plaintiff's "Severance from Service Date" is February 13, 2004.

14. Plaintiff, whose birth date is June 16, 1948 and who commenced employment with Atlantic Mutual in 1991, met the requirements of Plan § 3A.11(e), as amended, at the time of the termination of his employment with Atlantic Mutual.

15. Accordingly, by electronic mail dated February 10, 2004, Plaintiff inquired of Atlantic Mutual's Human Resources Department as to the amount of his Social Security Supplement as well as when he could expect to receive his first check.

16. By electronic mail dated February 11, 2004 from Atlantic Mutual's Human Resources Department, Plaintiff was informed that if he were eligible for the Social Security Supplement, the information Plaintiff requested would be included in forthcoming "paperwork" concerning his pension benefits. Nothing in that electronic mail, sent two days before the effective date of Plaintiff's termination, suggested that Plaintiff was not eligible for the Social Security Supplement.

17. Plaintiff, an attorney, was terminated because Atlantic Mutual decided not to have in-house attorneys represent its insureds in liability litigation any longer. Atlantic Mutual retained outside firms to handle these matters. Plaintiff and other attorney/employees secured positions with one or more of these firms. Plaintiff commenced such employment as of February 16, 2004.

18. By letter dated February 26, 2004, Atlantic Mutual informed Plaintiff that "because we consider the move to the law firm to be a continuation of employment rather than a termination, you will not be eligible to receive the Social Security Supplement . . . ."

19. No such exception to payment of the Social Security Supplement existed in the Plan as of the date of this letter nor had the Plan ever previously taken this position with respect to the payment of a Social Security Supplement.

20. In fact, none of the communications concerning his benefits that Plaintiff received prior to and/or incidental to his termination and the commencement of his subsequent law firm

employment contained any information suggesting that Plaintiff would not be entitled to the Social Security Supplement.

21.     Plaintiff then submitted a formal claim for the Social Security Supplement by letter dated March 22, 2004.

22.     By letter dated June 18, 2004, the Committee denied Plaintiff's claim. Among the reasons offered for the denial was that Plaintiff's employment "was transferred to a successor law firm on February 13, 2004, pursuant to an agreement between Atlantic [Mutual] and the law firm[]" and that an amendment to the Plan, adopted by the Board on May 12, 2004, retroactive to February 1, 2004, precluded payment of a Social Security Supplement to a "Plan Participant whose employment is transferred to . . . a private law firm, in conjunction with [Atlantic Mutual's] decision to outsource its claims legal work, provided such . . . Plan Participant accepts a position with . . . the law firm . . . ."

23.     Plan § 15.1, entitled "Amendment of the Plan," provides that Atlantic Mutual:

> reserves the right, by action of the Board of Trustees of Atlantic [Mutual], at any time and from time to time, and retroactively if deemed necessary or appropriate to meet the requirements of Sections 401(a) or 501(a) of the [Internal Revenue] Code and of any similar provisions of subsequent revenue laws or the rules and regulations from time to time in effect under any of such laws or to conform with governmental regulations or other policies, to modify or amend in whole or in part any or all of the provisions of the Plan; provided, however, that no such modification or amendment shall . . . (ii) deprive any Participant of a previously acquired vested right . . . .

(the "Amendment") (emphasis in original.)

24.     Plaintiff appealed the denial of his claim by letter dated September 9, 2004. Among the arguments he raised were:

5

(1)     the retroactive amendment was not necessary to comply with any law, rule or regulation and therefore violated the Plan;

(2)     because Plaintiff's employment was not transferred, the amendment was inapplicable to him;

(3)     because Plaintiff's right to the Social Security Supplement had vested at the time of his termination, he could not be deprived of this benefit by retroactive amendment;

(4)     prior to his acceptance of employment with a law firm, Plaintiff was never informed that such employment would deprive him of the Social Security Supplement and no Plan document in existence at the time he accepted such employment so stated.

25.     By letter dated November 8, 2004, the Committee denied Plaintiff's appeal.

26.     Plaintiff has exhausted the Plan's claims procedures.

## V. CLAIMS FOR RELIEF

### First Claim for Relief
### (ERISA§ 502(a)(1)(B), (3), 29 U.S.C. § 1132(a)(1)(B), (3))

27.     Plaintiff repeats and realleges the matter set forth in ¶¶ 1-26 above as if fully set forth herein.

28.     ERISA § 404(a)(1), 29 U.S.C. § 1104(a)(1) requires that:

> a fiduciary shall discharge his duties with respect to a plan solely in the interest of the participants and beneficiaries and -- (A) for the exclusive purpose of: (1) providing benefits to the participants and their beneficiaries; and . . .(D) in accordance with the documents and instruments governing the plan insofar as such documents and instruments with the provisions of this title . . . ."

29.     By denying Plaintiff's claim for the Social Security Supplement, the Committee breached its fiduciary duties, *inter alia*, in that: (1) the Amendment pursuant to which it denied

6

the claim violated the terms of the Plan; (2) Plaintiff was given no notice that his decision to accept law firm employment would cause him to lose his Social Security Supplement; and (3) Plaintiff's employment was not "transferred."

30. Plaintiff is entitled to a declaration that application of the Amendment to deny his claim was impermissible and, as such, pursuant to ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B), Plaintiff is entitled to the Social Security Supplement.

### Second Claim for Relief
### (ERISA§ 502(a)(1)(B), (3), 29 U.S.C. § 1132(a)(1)(B), (3))

31. Plaintiff repeats and realleges the matter set forth in ¶¶ 1-30 above as if fully set forth herein.

32. In the alternative, Plaintiff is entitled to an injunction requiring that the Plan be reformed by repealing the Amendment as of its retroactive effective date, February 1, 2004 and that pursuant to ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B), Plaintiff be granted his Social Security Supplement.

### VI.   PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Court enter judgment in his favor as follows:

1. declaring that the denial of his Social Security Supplement was improper or, in the alternative, enjoining Defendants to reform the Plan by repealing the Amendment as of its retroactive effective date, February 1, 2004;

2. awarding Plaintiff his Social Security Supplement together with appropriate pre-judgment interest;

3. awarding Plaintiff his costs and attorney's fees herein; and,

4.  awarding Plaintiff such other and further relief as to this Court seems just and proper.

Dated:  New York NY  
November 30, 2006

Rosen Preminger & Bloom LLP  
Attorneys for Plaintiff

By: _____  
David S. Preminger (DP 1057)  
Rosen Preminger & Bloom LLP  
708 Third Avenue, Suite 1600  
New York, New York 10017  
(212) 682-1900